Curia, per O’Neall, J.
We think that the widow, Artemisa Bonnett, cannot be regarded as a surety. How the slip attached to the bond by wafers, came to be signed by her, does not appear. It is manifest it was not part of the original execution. For her name is not in the body of the bond ; the three obligors mentioned in it, Gideon Hutto, David Hutto, and Wm. Woodward, executed the bond in the presence of J. N. Barril Ion. Her “ signature” on the slip is witnessed by J. F. Bomberg. It may be, and I suppose was, the case, that she signed the slip of paper at home, apart from the bond ; that it was afterwards carried to Orangehurgh and annexed to the bond.
How it can be argued, that this makes her a co-obligor or surety in the bond, I confess I do not understand. In McKain vs. Miller, 1 McMul. 315, Judge Richardson states the rule; he says, “ any stamp, impression, or mark made or adopted by the signer, to a written contract, and annexed to his signature, as and for his seal, would seem to answer the purpose of sealing, in order to render such written contract a sealed instrument or deed in law.” To comply with this rule, there must be some evidence,, intrinsic or extrinsic, which creates a belief that some mark *623 on the paper was intended as a seal. The scrawls at the end of the names of the two Huttos and Woodward, are their seals. There is no mark here annexed to the signature of Mrs. Bonnett. To talk of the wafers above her name, whereby the slip is tacked to the bond, as her seal, would be making a seal out of that which was never intended to have any such effect. In the case of Ives vs. Pickett, Oats and Griffith, 2 McC. 271, it was very properly ruled, that even in the case of a parol contract, the signature of a party, after others have signed, and without their knowledge or consent, did not make him a joint contractor.
Here there is no evidence how Mrs. Bonnett came to sign, and there is nothing in the case, such as there was in Lockhart vs. Bell, 2 Hill, 422, which will enable us to say she signed by the consent of the obligors ; if she did not, and she had most formally executed the bond, she could not be regarded as a co-surety ; unless, indeed, for some of the causes pointed out in the Act, the ordinary had required additional security. In that case, however, this mode of execution would have no effect. The ordinary, to make an additional security legally liable, ought to take a fresh bond from the additional security or securities, and in that, set out the cause why such an additional security has been demanded.
The motion is dismissed.
Evans, Wabdlaw and Fkost, JJ. concurred.